Filed 11/23/22 P. v. Vinson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096242 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE006798) |
| v. | |
| TERIS VINSON, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Teris Vinson's petition for resentencing under former Penal Code section 1170.95.[1] [2] We will dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). Further, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10.) For clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95 throughout the opinion.

1

FACTUAL AND PROCEDURAL BACKGROUND

We take the procedural facts from our prior decision in the direct appeal. (*People v. Vinson* (June 15, 2020, C088694) [nonpub. opn.].) We incorporated this case by reference upon defendant's motion to augment the record.

An amended consolidated complaint filed December 7, 2017, charged defendant with first degree murder. (§ 187, subd. (a).) It further alleged an enhancement for the use and personal and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subds. (b), (c) & (d)), and two counts of being a felon in possession of a firearm. (§ 29800, subd. (a)(1).) Finally, the complaint alleged defendant suffered a prior serious felony conviction. (§§ 667, subd. (a), 1192.7, subd. (c).)

Defendant shot and killed his and his wife's roommate, Janet, and her body was found unclothed, lying on a deflated air mattress, wrapped inside a car cover bound with duct tape.

A jury found defendant guilty of murder and the two counts of being a felon in possession of a firearm, and found the enhancement he personally and intentionally discharged a firearm causing great bodily injury or death true. (§§ 187, subd. (a), 12022.53, subd. (d).) The trial court found the strike allegation true. The trial court sentenced defendant to 10 years four months, consecutive to an indeterminate term of 75 years to life.

Defendant filed a postjudgment petition for resentencing. (Senate Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 4.)

After briefing and a hearing, the trial court issued a written ruling denying defendant's petition. The court found: "[T]he changes to the laws regarding murder do not apply to [defendant's] murder conviction. Contrary to [defendant's] claim, there was no conviction for murder under felony murder or under the natural and probable consequences theory. The record of conviction shows the jury found [defendant] was the actual killer, convicted him of first degree murder, and found true [an] allegation that

2

[defendant] personally and intentionally used a firearm causing death or great bodily injury."

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and asks this court to review the record and determine whether any arguable issues on appeal exist. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under former section 1170.95 is an open question. Our Supreme Court has not spoken on that issue. In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from former section 1170.95 petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras, supra*, at pp. 112-113.) Defendant did not file a supplemental brief.

## DISPOSITION

The appeal is dismissed.



      <u>     KRAUSE         </u>, J.



We concur:



<u>     DUARTE         </u>, Acting P. J.



<u>     EARL            </u>, J.